Submitted September 5, reversed and remanded October 8, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS RAY MOULTON, JR.,
*Defendant-Appellant.*

Lincoln County Circuit Court
130875; A154456

337 P3d 926

Peter Gartlan, Chief Defender, and Alice Newlin-Cushing, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

In this criminal case, defendant appeals the trial court's judgment convicting him of one count of unlawful possession of methamphetamine, ORS 475.894, arguing that the trial court erred by denying his motion to suppress evidence. The state concedes that the trial court erred. We conclude that defendant's arguments are correct, and, therefore, we accept the state's concession. Accordingly, we reverse and remand.

When reviewing a trial court's denial of a defendant's motion to suppress, we are bound by the trial court's findings of fact, provided that they are supported by constitutionally sufficient evidence. *State v. Ehly*, 317 Or 66, 74-75, 854 P2d 421 (1993). Stated in accordance with that standard, the relevant facts are that, after arresting defendant on a warrant for failure to appear and placing defendant in handcuffs, an officer conducted a pat-down of defendant's person, looking for weapons and means of escape. During the pat-down, the officer found a metal pipe in defendant's jacket pocket. As soon as he felt the pipe, the officer knew that it was not a weapon; based on the shape and size of the pipe, he believed that it was a marijuana pipe. Continuing the pat-down, the officer found a black case inside defendant's jacket pocket. He asked the defendant what was inside the case, and defendant replied "paraphernalia." The officer removed the case from defendant's pocket, opened it, and found a glass pipe and small baggies containing a crystalline substance. The officer continued his pat-down and found a black pouch in defendant's shirt pocket. He removed the pouch from defendant's pocket and opened it, finding additional baggies containing the same crystalline substance. The officer transported defendant to the Lincoln County Jail, where he was booked.

Defendant moved to suppress all evidence resulting from the opening of the case and the pouch, arguing that, by opening the containers, the officer violated Article I, section 9, of the Oregon Constitution,[1] which protects against

---

[1] Article I, section 9, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no

unreasonable searches and seizures. Defendant argued that the searches were not supported by either probable cause or an exception to the warrant requirement. In response, the state argued that the searches were valid searches incident to arrest and that the challenged evidence would have been inevitably discovered during the jail booking process.

In support of its inevitable discovery argument, the state called a jail deputy to testify about the jail's booking procedures. The deputy described the jail's general practices; the state did not submit a written booking policy. The deputy testified that when a person is arrested and brought to jail, the person's pockets may be searched and their contents removed and opened. But, not all arrestees are subject to such searches; some go through a "book and release" process, during which they are allowed to place small items in a locker, and those items will not be searched. The deputy did not know what would have happened during defendant's booking.

The trial court denied defendant's motion to suppress, concluding that it was a valid search incident to arrest on the failure-to-appear warrant because, although the officer could not open the containers to look for evidence of the crime of arrest, he could open them to look for weapons or means of escape. The court also concluded that finding the pipe justified the search. And, as an alternative basis for denying defendant's motion, the court concluded that the disputed evidence would have been inevitably discovered at the jail.

Whether an officer's search violated Article I, section 9, is a question of law, which we review for errors of law. On appeal, defendant argues that the trial court erred in denying his motion, renewing his arguments that (1) the searches were not valid searches incident to arrest and (2) the state failed to prove that the evidence would have been inevitably discovered.

First, defendant argues that the searches were not valid searches incident to his arrest on the failure-to-appear

warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

warrant because a search incident to arrest is justified only to protect the officer's safety, prevent the destruction of evidence, or discover evidence relevant to the crime for which the defendant is being arrested. *State v. Hoskinson*, 320 Or 83, 86, 879 P2d 180 (1994). According to defendant, there was no officer safety need to open the containers because, once they were removed from defendant's pockets, they posed no threat to the officer. *See State v. Petri*, 214 Or App 138, 144-45, 162 P3d 1053 (2007) (once sunglasses case containing a needle was seized from defendant, "no officer safety concern would have justified opening the case"); *State v. Dickerson*, 135 Or App 192, 194-95, 898 P2d 193 (1995) (opening of defendant's pocketknife was not justified by officer safety concerns because the knife was in an officer's possession). Similarly, there was no need to open the containers to search for means of escape once the containers had been seized. And, defendant further argues, there was no reason to open the containers to search for evidence of the failure-to-appear crime for which defendant had been arrested on the warrant, *State v. Owens*, 302 Or 196, 200, 729 P2d 524 (1986) (if a person "is arrested for a crime which ordinarily has neither instrumentalities nor fruits which could reasonably be concealed on the arrestee's person or in the belongings in his or her immediate possession, no warrantless search for evidence of that crime would be authorized as incident to that arrest"), nor was there reason to open them incident to an arrest for possession of controlled substances because the officer did not have subjective or objective probable cause to make such an arrest, *see* ORS 475.525 (possession of paraphernalia is not illegal); *Petri*, 214 Or App at 141, 146-47 (officer lacked objective probable cause to arrest defendant who was riding away from a known drug house and carrying a sunglasses case that he said contained a needle).

Second, defendant argues that the state failed to establish that the disputed evidence would have been inevitably discovered at the jail because it failed to prove that a valid inventory policy existed and that the containers would have been opened pursuant to it. *See State v. Medinger*, 235 Or App 88, 97, 230 P3d 76 (2010) (state failed to carry its burden of proving that evidence would have been inevitably

discovered where it failed to prove that a properly authorized inventory policy existed and required an inspection that would have led to discovery of the challenged evidence); *State v. Redmond*, 114 Or App 197, 202, 834 P2d 516 (1992) ("[E]ven assuming that the wallet was seized pursuant to a valid inventory procedure, [the officer's] testimony that there would have been a thorough search of the wallet presented only his impressions of the inventory procedure and did not establish what the [jail's] policies were." (Internal quotations marks omitted; emphasis omitted.)).

The state concedes that the trial court erred. It agrees that the searches "were not legal warrantless searches incident to arrest" and that it "failed to present sufficient evidence to support its alternative theory" that the disputed evidence would have been inevitably discovered.

We conclude that defendant's arguments that the trial court erred in denying his motion to suppress are correct and the state's concession is well-taken. Accordingly, we reverse and remand.

Reversed and remanded.